UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

EDWIN VELAZQUEZ MENDEZ,

    Plaintiff,

v.                                  Case No.:  6:23-cv-750-DNF

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.

### OPINION AND ORDER

Plaintiff Edwin Velazquez Mendez seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA"), finding he was no longer disabled since February 18, 2016. The Commissioner filed the Transcript of the proceedings ("Tr." followed by the appropriate page number), and the parties filed legal memoranda setting forth their positions. As explained below, the decision of the Commissioner is **AFFIRMED** under § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

    **I.**    **Social Security Act Eligibility, Standard of Review, Procedural History, and the ALJ's Decision**

        **A.**    **Social Security Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment which can

be expected to result in death, or which has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). The impairment must be severe, making the claimant unable to do his previous work, or any other substantial gainful activity which exists in the national economy. 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505-404.1511, 416.905-416.911.

### B.    Standard of Review

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). "Substantial evidence is more than a scintilla and is such relevant evidence as a reasonable person would accept as adequate to support a conclusion. Even if the evidence preponderated against the Commissioner's findings, we must affirm if the decision reached is supported by substantial evidence." *Crawford v. Comm'r*, 363 F.3d 1155, 1158 (11th Cir. 2004). In conducting this review, this Court may not reweigh the evidence or substitute its judgment for that of the ALJ, but must consider the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1178 (11th Cir. 2011) (citation omitted); *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995); *Martin v. Sullivan*, 894 F.2d 1520, 1529 (11th Cir. 1990). Unlike findings of fact, the Commissioner's conclusions of law are not presumed valid and are reviewed under a de novo standard. *Keeton v.*

*Dep't of Health & Human Servs.*, 21 F.3d 1064, 1066 (11th Cir. 1994); *Maldonado v. Comm'r of Soc. Sec.*, No. 20-14331, 2021 WL 2838362, at *2 (11th Cir. July 8, 2021); *Martin*, 894 F.2d at 1529. "The [Commissioner's] failure to apply the correct law or to provide the reviewing court with sufficient reasoning for determining that the proper legal analysis has been conducted mandates reversal." *Keeton*, 21 F.3d at 1066.

Generally, an ALJ must follow five steps in evaluating a claim of disability. *See* 20 C.F.R. §§ 404.1520, 416.920. Yet when the issue is cessation of disability benefits, then the ALJ must follow an eight-step evaluation for a Title II claim and a seven-step process for a Title XVI claim to determine whether a plaintiff's disability benefits should continue. *See* 42 U.S.C. § 423(f); 20 C.F.R. §§ 404.1594(f), 416.994(b). Here, the ALJ followed an eight-step evaluation and the Court adopts the explanation of each step as set forth in the decision. (Tr. 2406-7).

C. **Procedural History**

This action has a long procedural history. On January 23, 2014, Plaintiff was found disabled beginning on May 8, 2012. (Tr. 2503-14). On February 16, 2016, SSA determined Plaintiff was no longer disabled as of February 18, 2016. (Tr. 92). On October 28, 2016, a State Agency Disability Hearing Officer found Plaintiff not disabled. (Tr. 105-115). Plaintiff requested a hearing before an ALJ. (Tr. 119). On October 17, 2018, ALJ Janet Mahon dismissed Plaintiff's request for a hearing

because Plaintiff failed to appear for the hearing. (Tr. 7-14). Plaintiff appealed the Notice of Dismissal and the Appeals Council dismissed the request for review. (Tr. 1-5). Plaintiff appealed this decision to the District Court, and on March 19, 2020, based on an unopposed motion for entry of judgment with remand, U.S. Magistrate Judge Leslie Hoffman Price reversed and remanded the action to the Commissioner to offer Plaintiff the opportunity for a hearing. (Tr. 1019-20). The Appeals Council remanded the case to an ALJ and also consolidated later filed cases:

> The claimant filed a subsequent claim for Title II and Title XVI disability benefits on August 28, 2019. The Appeals Council's action with respect to the current electronic claim renders the subsequent claim duplicate. Therefore, the Administrative Law Judge will consolidate the claims files, associate the evidence, and issue a new decision on the consolidated claims (20 [C.F.R. §§] 404.952 and 416.1452 and HALLEX I-1-10-10). On remand, the Administrative Law Judge should apply the prior rules to the consolidated case pursuant to HALLEX I-5-3-30.

(Tr. 1072-74).[1]

On May 3, 2021, Plaintiff appeared for a hearing before ALJ Pamela Houston. (Tr. 932-58). On July 30, 2021, ALJ Houston entered a decision, finding Plaintiff's disability ended on February 18, 2016. (Tr. 908-20). Plaintiff appealed the decision to the District Court and on March 23, 2022, U.S. Magistrate Judge Leslie Hoffman

---

[1] As the Commissioner points out, the subsequent applications dated September 19, 2019, were protectively filed on August 28, 2019 and were denied initially and on reconsideration. (Doc. 22, p. 2, n.1). A request for hearing was pending at the time of the Appeals Council's remand order. (Doc. 22, p. 2, n.1).

Price again reversed and remanded the action to the Commissioner based on an unopposed motion for entry of judgment with remand "to consider the medical evidence upon which the comparison point decision was based and compare it with the subsequent medical evidence in accordance with 20 C.F.R. § 404.1594 and issue a new decision. (Tr. 2549-50). The Appeals Council remanded the case to an ALJ to "[c]onsider the medical evidence upon which the comparison point decision was based and compare it with the subsequent medical evidence in accordance with 20 [C.F.R. §] 404.1594, and issue a new decision." (Tr. 2558-59). The Appeals Council once again directed the ALJ to consolidate a Title XVI claim filed on September 21, 2021 with the instant claim, and issue a new decision on the consolidated claims. (Tr. 2559).[2]

On December 14, 2022, Plaintiff attended a hearing before Administrative Law Judge Pamela Houston ("ALJ"). (Tr. 2476-2502). On February 23, 2023, the ALJ entered a decision finding Plaintiff's disability ended on February 18, 2016, and he had not become disabled again since that date. (Tr. 2405-24). Plaintiff waited sixty-one days for the ALJ's decision to become a final decision of the Commissioner and then initiated this action by Complaint (Doc. 1) filed on April 25,

---

[2] Plaintiff noted that the September 21, 2021 application for SSI benefits could not be located in the administrative record, but a Disability Determination and Transmittal Form confirmed Plaintiff's filing date of September 21, 2021, citing Tr. 2562. (Doc. 22, p. 3, n.2; Tr. 2562). Plaintiff also noted that this claim was denied at the initial level on September 22, 2022. (Doc. 22, p. 3, n.2; Tr. 2703-12).

2023, and the case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (Doc. 16).

### D. Summary of ALJ's Decision

In this case, the ALJ found the most recent favorable medical decision finding Plaintiff was disabled was the decision dated January 23, 2014, making this the "comparison point decision" or CPD. (Tr. 2408). At the time of the CPD, the ALJ found Plaintiff to have the following medically determinable impairments:

> hypertension, cardiac arrythmia, hypertrophic cardiomegaly, and bipolar disorder. These impairments were found to result in the residual functional capacity (RFC) for sedentary work, except he was unable to lift and/or carry 10 pounds occasionally or 5 pounds frequently on a sustained basis. He could not stand and walk for even 2 hours or sit even 6 hours per 8-hour workday. He would be off task 20% of the day and would miss over 2 days of work per month due to recurrent symptoms. (Exhibit B23A).

(Tr. 2408).

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity through the date of the decision. (Tr. 2408). At step two, the ALJ found that since February 18, 2016, Plaintiff has had the following medically determinable impairments: "cardiac disorders (including atrial fibrillation, arrhythmia, cardiomegaly, and mild coronary artery disease); obesity; spine disorder; urinary incontinence; erectile dysfunction; sleep apnea; asthma; hypertension; vestibular disorder; diabetes mellitus; medication side effects; status-post gallbladder removal; depression; and anxiety. These are claimant's current impairments." (Tr. 2408).

Since February 18, 2016, the ALJ found at step three that Plaintiff had not had an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1525, 404.1526). (Tr. 2408). The ALJ further found that medical improvement occurred on February 18, 2016. (Tr. 2410).

At step four, the ALJ found that the medical improvement was related to the ability to work because it resulted in an increase in Plaintiff's RFC. (Tr. 2411). At step six, the ALJ determined that since February 18, 2016, Plaintiff continued to have a severe impairment or combination of severe impairments. (Tr. 2411).

At step seven, the ALJ found that since February 18, 2016, Plaintiff has had the following residual functional capacity ("RFC"):

> Based on the impairments present since February 18, 2016, claimant has had the RFC for light work (20 [C.F.R. §] 404.1567(b))[,] except for occasional stooping, kneeling, crouching, crawling, and climbing ramps and stairs, but never ladders, ropes, or scaffolds; avoid: work at heights, work with dangerous machinery and dangerous tools, concentrated exposure to temperature extremes, wetness, humidity, pulmonary irritants (dust, fumes, and chemicals), bilateral overhead reaching, and foot controls; the bilateral upper extremities can frequently push and pull at the light exertional level; work tasks should be simple and have no more than occasional interaction with coworkers, supervisors, and the general public.

(Tr. 2413).

At step eight, the ALJ determined that since February 18, 2016, Plaintiff has been unable to perform his past relevant work as a stock clerk. (Tr. 2422). The ALJ

found that on February 18, 2016, Plaintiff was a younger individual. (Tr. 2422). The ALJ found that after considering Plaintiff's age (31 years old on February 18, 2016), education (marginal), work experience, and RFC, and based on the impairments present since February 18, 2016, Plaintiff had been able to perform a significant number of jobs in the national economy. (Tr. 2422). Specifically, the vocational expert testified that a person with Plaintiff's limitations could perform such occupations as:

    (1)  Marker, DOT 209.587-034,[3] light, unskilled, SVP 2

    (2)  Routing clerk, DOT 222.687-022, light, unskilled, SVP 2

    (3)  Photocopy machine operator, DOT 207.685-014, light unskilled, SVP 2

    (4)  Addresser, DOT 209.587-010, sedentary, unskilled, SVP 2

    (5)  Eyeglass frames polisher, DOT 713.684-038, sedentary, unskilled, SVP 2

    (6)  Semiconductors wafer breaker, DOT 726.687-046, sedentary, unskilled, SVP 2.

(Tr. 2423). The ALJ concluded that Plaintiff's disability ended on February 18, 2016, and he had not become disabled again since that date. (Tr. 2423).

## II.   Analysis

On appeal, Plaintiff raises two issues:

---

[3] DOT refers to the *Dictionary of Occupational Titles*.

> (1) Whether the ALJ's finding that medical improvement occurred as of February 18, 2016, is based on the correct legal standards or supported by substantial evidence; and
>
> (2) Whether the ALJ failed to apply the correct legal standards to Plaintiff's need for a cane.

(Doc. 22, p. 6, 10).

### A. Medical Improvement

To determine whether medical improvement occurred such that benefits should be terminated, there must be "substantial evidence of improvement to the point of no disability." *McAulay v. Heckler*, 749 F.2d 1500, 1500 (11th Cir. 1985). To make this determination, an ALJ must compare the original medical evidence and the new medical evidence and make findings of improvement. *Id.* Thus, an ALJ must evaluate the medical evidence on which a plaintiff was originally found to be disabled and then compare this evidence to the new evidence before a finding of improvement can be rendered. *Vaughn v. Heckler*, 727 F.2d 1040, 1043 (11th Cir. 1984)

Plaintiff argues that in making this comparison of medical evidence, the ALJ improperly relied extensively on the SSA Disability Hearing Officer's Decision for the evidence that originally found Plaintiff disabled. (Doc. 22, p. 8). In the decision, the ALJ begins the comparison of medical evidence by citing the hearing officer's decision, "[a]t the time of the CPD, claimant was diagnosed with atrial fibrillation

and underwent ablation and loop implantation. (Exhibit B5B/3)." (*Compare* Tr. 2410, *with* Tr. 107).

Courts have found several reasons why an ALJ's simple reliance on a hearing officer's decision is not sufficient. *Olivo v. Colvin*, No. 6:16-cv-259-ORL-40JRK, 2017 WL 708743, at *5 (M.D. Fla. Jan. 30, 2017), *report and recommendation adopted sub nom. Olivo v. Comm'r of Soc. Sec.*, No. 6:16-cv-259-ORL-40JRK, 2017 WL 700367 (M.D. Fla. Feb. 22, 2017); *see also Brown v. Berryhill*, No. 3:16-cv-1344-J-34JRK, 2017 WL 6541455, at *5 (M.D. Fla. Nov. 28, 2017), *report and recommendation adopted*, No. 3:16-cv-1344-J-34JRK, 2017 WL 6536741 (M.D. Fla. Dec. 21, 2017). Some reasons are: (1) a court must review an ALJ's decision not a hearing officer's decision; and (2) an ALJ may not cite a hearing officer's decision to establish the Administration's ultimate findings in the CPD. *Id.* And in this case, the hearing officer's decision contained no citations to record evidence. (Tr. 107).

While the ALJ clearly relied to some extent on the hearing officer's decision as shown by citing it, the ALJ did not simply or exclusively rely on this decision. The ALJ also summarized Plaintiff's impairments and cited to the medical records in support, not the hearing officer's decision. (Tr. 2410). One example is that the ALJ reported, "[h]ypertension was uncontrolled with continuous dizziness and fatigue on exertion. (Exhibit 32F)." (Tr. 2410). This statement cited an October 15,

2013 letter from Abbas Ali, M.D., Plaintiff's treating cardiologist at the time. (Tr. 2410, 3553). Another example is the ALJ noted that despite treatment, Plaintiff had several emergency room visits for cardiac related issues, and then cited the medical records from these visits. (Tr. 2410, 3147-3153, 3198-3203, 3248-3334). Thus, the ALJ sufficiently discussed and cited these medical sources and as well as other medical sources, not just the hearing officer's decision, in the discussion about the conditions on which Plaintiff was originally found to be disabled.

Plaintiff next argues that the ALJ failed to comply with the Court's March 23, 2022 Order, which remanded the case for further proceedings. (Doc. 22, p. 9). In the Order, the Court instructed the ALJ "to consider the medical evidence upon which the comparison point was based and compare it with the subsequent medical evidence in accordance with 20 C.F.R. § 404.1594, and issue a new decision." (Tr. 2550). Plaintiff argues that the language on medical improvement of Plaintiff's condition in the most recent decision mirrors the language in the prior July 2021 remanded decision, and therefore the ALJ did not comply with the remand order. (Doc. 22, p. 9). Plaintiff also argues that the ALJ once again failed to actually compare Plaintiff's original medical evidence with his current medical evidence. (Doc. 22, p. 9). The Court disagrees.

In the prior July 2021 decision, the ALJ summarized the basis on which Plaintiff was originally found to be disabled. (Tr. 2525). The ALJ did not cite any

medical records to support these findings. (Tr. 2525). While the recent February 2023 decision does include many of these same findings, the ALJ cites to specific medical evidence in the record to support her findings. (Tr. 2410). Thus, in this respect, the ALJ complied with the March 23, 2022 Order that remanded the case.

The ALJ also compared these findings with subsequent medical evidence to show that "by February 18, 2016, there had been a decrease in medical severity of the impairments present at the time of the CPD." (Tr. 2410). For example, the ALJ found at the time of the CPD, Plaintiff hypertension was uncontrolled. (Tr. 2410). The ALJ compared that impairment with more recent medical evidence that showed Plaintiff's "treating providers repeatedly found blood pressure was controlled with medication." (Tr. 2410). The ALJ also noted that when Plaintiff was found disabled, he had several emergency room visits, but as of February 18, 2016, there was no evidence of repeated hospitalizations or emergency room visits for hypertension and cardiac disorders. (Tr. 2410). In the decision, the ALJ continued these types of comparisons for Plaintiff's impairments. (Tr. 2410). Based on these comparisons, substantial evidence supports the ALJ's finding that medical improvement occurred on February 18, 2016.

**B.    Use of a Cane**

Plaintiff argues that despite the ALJ's repeated references in the decision to Plaintiff's need for a cane for ambulation, the ALJ failed to account for his need for

a cane in the RFC. (Doc. 22, p. 11). Plaintiff adds that the vocational expert testified that a hypothetical individual who uses a cane for ambulation would be unable to perform the three light-level jobs, but would still be able to perform the three sedentary-level jobs that he listed. (Doc. 22, p. 12). Even though Plaintiff could perform these sedentary level jobs, Plaintiff then argues that these jobs do not exist in significant numbers in the national economy. (Doc. 22, p. 12-13).

An individual's RFC is his ability to do physical and mental work activities on a sustained basis despite limitations secondary to his established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all relevant evidence including non-severe impairments. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). Furthermore, the ALJ must "'scrupulously and conscientiously probe into, inquire of, and explore for all relevant facts.'" *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 (11th Cir. 2015) (quoting *Cowart v. Schweiker*, 662 F.2d 731, 735 (11th Cir.1981)). In other words, ALJs "are by law investigators of the facts and are tasked not only with the obligation to consider the reasons offered by both sides, but also with actively developing the record in the case." *Id*. The task of determining a claimant's RFC and ability to work rests with the administrative law judge and not with a doctor. *Moore v. Comm'r of Soc. Sec.*, 649 F. App'x 941, 945

(11th Cir. 2016); *see also Castle v. Colvin*, 557 F. App'x 849, 853-54 (11th Cir. 2014), *Green v. Soc. Sec. Admin.*, 223 F. App'x 915, 924 (11th Cir. 2007).

As the Commissioner asserts, Plaintiff bases his argument on District Court cases that interpreted SSR 96-9p to determine whether an ALJ properly considered the use of a handheld assistive device. (Doc. 27, p. 12 (citing Doc. 22, p. 11-12)). SSR 96-9p applies when a plaintiff is limited to less than a full range of sedentary work. *See* SSR 96-9p, 1996 WL 374185. By contrast, here Plaintiff is limited to light (not sedentary) work with some exceptions, (Tr. 2413). Thus, SSR 96-9p is inapplicable here. *See Ecker v. Comm'r of Soc. Sec.*, No. 6:21-cv-352-EJK, 2022 WL 10622380, at *3 (M.D. Fla. Apr. 21, 2022) (collecting cases).

In this case, the ALJ acknowledged Plaintiff's use of a cane throughout the decision, citing medical records that include findings of an antalgic gait. *See, e.g.* (Tr. 2414 ("A cane is used to ambulate."); Tr. 2415 ("Exam showed claimant walked with a cane . . ."), ("Exams show claimant ambulated with a cane at times . . "); Tr. 2416 ("Gait was antalgic, and he ambulated with a cane."), 2417 (same), 2420 (same).) At the same time, the ALJ also repeatedly noted multiple medical records that showed Plaintiff ambulated normally or had a normal gait, with no use of a cane. (Tr. 2413, 2415, 2416). The ALJ also referred to the opinion of Allison Germaine, APRN, who found that Plaintiff did not require a cane or an assistive device to ambulate. (Tr. 2408, 2417, 2420-21). Thus, the ALJ considered both the evidence in

support of the use of a cane and other records that found normal gait and ambulation without the use of a cane. In essence, Plaintiff invites the Court to reweigh the evidence, which it cannot do. A court may not decide the facts anew, reweigh the evidence, or substitute its judgment for that of the Commissioner. *Mitchell v. Comm'r, Soc. Sec. Admin.*, 771 F.3d 780, 782 (11th Cir. 2014). Even if the evidence preponderates against the Commissioner's decision, the Court must affirm if substantial evidence supports the Commissioner's decision. *Buckwalter v. Acting Comm'r of Soc. Sec.*, 5 F.4th 1315, 1320 (11th Cir. 2021). The ALJ thoroughly considered the medical and other evidence related to the use of a cane and properly determined the RFC assessment.

In addition, even if SSR 96-9p applied (which it does not), the ALJ did not err. For a hand-held assistive device to be found medically necessary, medical documentation must "establish[] the need for a hand-held assistive device to aid in walking or standing, and describ[e] the circumstances for which it is needed (i.e., all the time, periodically, or only in certain situations; distance and terrain; and any other relevant information)." SSR 96-9p, 1996 WL 374185, *7 (1996). When the record establishes a plaintiff needs a hand-held assistive device, the ALJ "must always consider the particular facts of a case" and determine the circumstances under which it is required. *Id*. Plaintiff has not shown he had medical documentation that established the need for a cane and described the circumstances for its use. Thus,

Plaintiff has not satisfied the requirements of SSR 96-9p, even if it did apply. Substantial evidence supports the ALJ's RFC assessment.

## III. Conclusion

For the reasons discussed above, the Court finds that the decision of the Commissioner is supported by substantial evidence and the Commissioner applied the correct legal standard. The decision of the Commissioner is **AFFIRMED**. The Clerk of Court is directed to enter judgment consistent with this opinion, terminate all deadlines, and close the case.

**DONE** and **ORDERED** in Fort Myers, Florida on June 21, 2024.

DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties